Given, Watts & Co. and Norton and Tarleton, assignees, v. Alexander & Co.

## No. 2846.

GIVEN, WATTS & CO. AND E. E. NORTON AND J. J. TARLETON,
    assignees, *v.* G. M. ALEXANDER & CO. RICHESON, ABLE & CO.,
    intervenors.

A commercial firm can not satisfy the remainder of their claims of 1866 for moneys and other
supplies furnished to an agricultural firm, out of the proceeds of the crop of 1867, to the
prejudice of another commercial firm who made all their advances in that year, and in
whose possession part of the crop has been put by consignment and under a regular bill
of lading before the issuing of a writ of sequestration.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,
J. Breaux & Fenner* and *Given Campbell,* for plaintiffs and appel-
lants. *Race, Foster & Merrick,* for defendants and appellees, and *George
W. Race,* curator *ad hoc,* also for appellees.

Justices concurring: Taliaferro, Howell, Wyly, Kennard.

KENNARD, J. The proceeds of one hundred and eighty-four (184)
bales of cotton are in dispute in this case

The plaintiffs, E. E. Norton et al., assignees of Given, Watts & Co.,
bankrupts, claim a superior privilege to Richeson, Able & Co., inter-
venors, upon these proceeds, which amount to the sum of ten thousand
nine hundred and forty-nine dollars and eighty-eight cents ($10,949 88).
The respective claims of plaintiffs and defendants exceed the amount
of the fund in question, so that we have only to determine the supe-
rior right to the whole. A careful review of the facts show that plain-
tiffs, Given, Watts & Co., a commercial firm residing and doing a cot-
ton factorage business in New Orleans, opened dealings with G. M.
Alexander & Co., an agricultural firm, composed of G. M. Alexander
and Frank Blair, engaged in cultivating the Marshall plantation, near
Milliken's bend, in the State of Louisiana, in the year 1866.

The "account B 2," shows that the first outlay by plaintiffs for
account of defendants, Alexander & Co., was on April 18, 1866, and
the last was July 14, 1867.

There appears in this account under date of November 15, 1866, the
following entry:

"To paid account with Watts, Crane & Co., N. Y., thirty thousand
eight hundred and thirteen dollars and eighty-eight cents ($30,813 88)."

By reference to the record, the agreement to make this payment
appears to have been made as early as March, 1866, previous to the
actual opening of the account in April, 1866.

The following telegram with the explanatory testimony leaves no
doubt of this:

"Telegram No. 10.

"The Western Union Telegraph Company, March 19, 1866.
"To Given, Watts & Co., New Orleans, La.

"Liverpool seventh, nineteen firm, Courtney selling freely. Gold

twenty-eight halfs. Frank Blair with George Alexander cultivating three thousand acres, will want along thirty thousand dollars. Is it your interest to furnish?          WATTS, CRANE & CO."

Watts, Crane & Co. are shown to have been doing business in New York, and after the date of this telegram, to have transferred their business with G. M. Alexander & Co. to Given, Watts & Co., of New Orleans, and Given, Watts & Co. paid them the amount due at the time of the transfer by G. M. Alexander & Co., to wit, the sum of $30,813 88. The assumption of this debt was in March, 1866; the actual payment November 15, 1866.

There is no evidence in the record to show satisfactorily of what items this large indebtedness was composed.

H. F. Given, the head of the New Orleans firm, is unable to swear how this debt to Watts, Crane & Co. originated. The plaintiffs claim in their petition the sum of $39,974 45, as shown per "account A," but it appears from the testimony of J. J. Tarleton (R. p. 93), one of the plaintiffs and assignees, that this account includes some $12,000 worth of drafts, accepted by Given, Watts & Co. but not paid; so that the real debt due Given, Watts & Co. by G. M. Alexander & Co., is correctly stated in "account B 2," at $24,646 70 on March 1, 1868.

It thus appears that the amount of the indebtedness to Given, Watts & Co. by G. M. Alexander & Co., at the close of their dealings, was about four thousand dollars less than the amount assumed by them from Watts, Crane & Co., at the date of the opening of their first dealings.

In other words, G. M. Alexander & Co. have paid all other debts except this assumption, and have paid some four thousand dollars on account of it.

Under this state of facts can they prevail over the intervenors, Richeson, Able & Co., who were in possession of the one hundred and eighty-four bales of cotton, through their agents in this city, Garrard & Craig, to whom it had been consigned and regularly delivered.

These bales belonged to the crop of 1867.

Richeson, Able & Co., of St. Louis, had advanced $18,402 41 of money and supplies to assist in making said crop.

Given, Watts & Co., and their successors, Given, Brown & Co., had also advanced in the year 1867 several thousand dollars, which were refunded by payments made in that year.

The credit side of "account B 2" shows under dates January 14, 1867, receipt of proceeds draft due twenty-sixth May, $4755 27, and under July 14, proceeds draft due November 24, $5647 86, making an aggregate of $10,403 13, received in 1867 by the collection of these two drafts, which belong properly, as shown by the evidence, to the payments of 1866, thus reducing the payments that properly belong to 1867, from $20,030 80 to the sum of $9627 67. The amount in value

of supplies furnished by Given, Watts & Co. and Given, Brown & Co., in 1867, was only $9447 45, being $180 22 less than the amount received in that year from Alexander & Co., after passing the two drafts to the credit of the account of 1866.

The naked question then is, shall plaintiffs satisfy the remainder of their debt of 1866 out of the proceeds of the crop of 1867, to the prejudice of Richeson, Able & Co., the intervenors, who made all their advances in 1867 ?

C. C. article 2166, [2162] provides. "When the receipt bears no imputation, the payment must be imputed to the debt which the debtor had at the time most interest in discharging of those that are equally due."

Applying this rule to the various payments, whether in 1866 or 1867 on the account of 1866, the first imputations must be to the payment of all items of the account of 1866 before the item of $30,813 88, assumed by Given, Watts & Co., transferred to them from Watts, Crane & Co., New York. The proof is not such as to entitle this item to any privilege whatever.

The balance due being part of this item is entitled to no privilege.

This conclusion dispenses with an investigation of the various accounts and bills of exceptions. Also, makes it unnecessary to decide whether Richeson Able & Co., residents of St. Louis, are entitled to a privilege on the crop under our law.

They were in possession under regular bills of lading before the sequestration issued.

Judgment affirmed.